**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00240-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RUSSELL OWENS (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Russell Owens' ("Owens") letter motion asking the Court to reevaluate his "points, due to the Johnson case burglary no longer [being] a crime of violence." Record Document 27. Owens seeks a sentence reduction because he "was given 2 points for a burglary charge in 2003 because at that time the government considered that a crime a violence." Id. Owens' motion was construed as a Section 2255 motion. The Government answered Owens' Section 2255 motion, asserting the motion should be denied because it is untimely and Owens is entitled to no relief under Johnson. See Record Document 33.

Owens pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Record Documents 19-20. On March 2, 2010, he was sentenced to 105 months imprisonment and 3 years supervised release. See Record Documents 21-22. Owens filed the instant letter motion on October 24, 2016. See Record Document 27. He was still incarcerated at this time. However, he was released from BOP custody and began supervised release on April 9, 2019.

On February 11, 2020, a summons was issued for Owens to appear before the undersigned to answer a supervised release violation petition. A supervised release revocation hearing is set in this matter for March 30, 2020 at 2:00 p.m.

Because Owens has been released from imprisonment, it appears that his Section 2255 motion seeking a reduction of sentence is now moot. Notwithstanding, Owens' Section 2255 is untimely. A Section 2255 motion "must be filed within a year of the latest of four qualifying events." U.S. v. Craven, 755 F. App'x 388, 389 (5th Cir. 2018), citing 28 U.S.C. § 2255(f). Here, the relevant dates are "the latest of either the date on which the judgment of conviction bec[ame] final or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id., citing 28 U.S.C. § 2255(f)(1), (3).

The Judgment in this matter was entered on March 8, 2016. See Record Document 22. Owens did not file a direct appeal. Thus, his conviction became final on March 22, 2016. The United States Supreme Court rendered the Johnson opinion on June 26, 2015. See Johnson v. United States, 135 S.Ct. 2551 (2015). March 22, 2016 is the later of these two dates and Owens' letter motion was filed well over a year later in October 2016. Thus, Owens' Section 2255 motion is time barred.[1]

Accordingly,

**IT IS ORDERED** that Defendant Russell Owens' letter motion (Record Document 27) be and is hereby **DENIED** as time barred.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of February, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court need not reach the issue of whether Johnson ultimately would have provided Owens relief.